IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONRELL HADLEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-01224 |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Carrington Mortgage Services, LLC ("Carrington") files its Reply in Support of Motion for Summary Judgment (Doc. 9) and would respectfully show as follows:

**A.    *Plaintiff provides no evidence in support of his claims.***

To survive summary judgment, the nonmoving party must present specific facts or evidence that would allow a reasonable factfinder to find in his favor on a material issue. *Bitterroot Holdings, LLC v. Bank of New York Mellon*, No. 17-cv-804, 2017 WL 10181041, at *3 (W.D. Tex. Aug. 4, 2017). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

Instead, the nonmovant must come forward with competent evidence, via affidavits or other evidence, that demonstrates the existence of a genuine fact issue. *Bitterroot Holdings*, 2017 WL 10181041, at *3. A plaintiff's failure to present any evidence in response to a motion for summary judgment is fatal to his claims because he fails to carry his summary judgment burden. *See, e.g.*, *Rudman v. U.S. Bank Trust, NA*, No. 4:23-cv-00040, 2023 WL 8439144, at *2 (S.D. Tex. Nov. 8, 2023).

Here, Plaintiff presents no evidence in response to Carrington's Motion.[1] For example, Plaintiff alleges "the mortgage was not properly/validly assigned which is a condition precedent to the inapplicability of the 'split-the-note' theory," but provides absolutely no facts or evidence establishing how he contends any of the assignments identified by Carrington were improper.[2] Similarly, in regard to his claim for violations of the Texas Debt Collection Practices Act ("TDCA"), Plaintiff states "[he] is alleging that he was not in default and that the original mortgagee wrongfully placed his account into foreclosure,"[3] yet Plaintiff provides no evidence establishing that he was current on his loan at the time his loan was placed into foreclosure.

Plaintiff's unsupported allegations and baseless assertions are insufficient to defeat summary judgment. Plaintiff has not carried his summary judgment burden and, on this basis alone, Carrington's Motion should be granted.

B.   *Plaintiff's claims are barred by res judicata.*

Plaintiff alleges res judicata does not bar his claims here because the parties are not identical.[4] Plaintiff is mistaken, as Carrington was a party to the 2020 Litigation.[5] Plaintiff also seems to argue that res judicata does not apply because his current claims are different than those previously asserted.[6] This argument also fails because all the claims Plaintiff alleges in this suit could (and should) have been asserted in the 2020 Litigation.

Res judicata prevents litigation of all grounds for recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Butts v. JP Morgan Chase Bank*, No. 3-11-CV-2542-

---

[1] Pl.'s Resp. to Mot. for Summ. J. (Doc. 12) (the "Response").
[2] *Id.* at 5.
[3] *Id.* at 7.
[4] *Id.* at 4.
[5] Case No. 4:30-cv-02553, *Hadley v. The Bank of New York Mellon, as Trustee, et al.*, in the United States District Court for the Southern District of Texas; **Exhibit D** to Def.'s Motion for Summ. J. (Doc. 9) (the "Motion").
[6] Response at 4.

M-BD, 2011 WL 7109344, at *2 (N.D. Tex. Dec. 28, 2011) (dismissing borrower litigation because claims regarding servicing of mortgage loan could have been brought in prior suit); *In re Hollie*, 622 B.R. 221, 232-33 (S.D. Tex. Bankr. 2020) (ruling any claims by borrower regarding validity and enforceability of loan could and should have been asserted in prior litigation).

Here, Plaintiff alleges: (1) improper Loan assignments; (2) that he was not in default at the time foreclosure proceedings were initiated; and (3) violations of the TDCA.[7] All of these claims were known and available to him at the time he filed the 2020 Litigation and should have been asserted in that case. The Loan was assigned to BONYM in 2011, well before Plaintiff filed his previous suit.[8] As Plaintiff acknowledges in his Petition, BONYM initially declared Plaintiff to be in default in 2010—ten years before the 2020 Litigation began.[9] Certainly, if Plaintiff believed the assignment to be invalid or BONYM's accounting to be inaccurate, he had the opportunity to assert as much in his previous suit. Because Plaintiff could have asserted his claims in 2020, they are now barred by res judicata.

C.    ***Plaintiff's attempt to recast his contract claim is improper.***

Plaintiff admits he failed to identify which contractual provisions he alleged Carrington breached, but asks Carrington (and the Court) to read between lines and infer that he was claiming Carrington failed to send proper foreclosure notices.[10] "The Court is not required to conjure up unpled allegations or guess at what causes of action [a plaintiff] is attempting to assert in an attempt to save [his] pleading." *Moore v. JP Morgan Chase*, No. 1:10-CV-143, 2010 WL 11628789, at *7

---

[7] Pl.'s Orig. Pet. (Doc. 1-1) at ¶¶ 6-18. In his Response, Plaintiff abandons his limitations argument. Response (Doc. 12) at 4.
[8] **Exhibit A-3** to Motion.
[9] Pl.'s Orig. Pet. (Doc. 1-1) ("Petition") at ¶ 12.
[10] Contrary to his assertions, Plaintiff clearly tied his lack of notice claim to his cause of action for violations of Texas Property Code § 5.065. Petition (Doc. 1-1) at ¶¶ 43-45. Plaintiff did not address this claim in his Response, so the Court can assume it has been abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (holding plaintiff's failure to pursue claim in response to defendant's motion to dismiss constituted abandonment).

(E.D. Tex. Dec. 2, 2010); *Reyna v. IDEA Pub. Sch.*, No. 7:20-CV-121, 2021 WL 4134843, at *4 (S.D. Tex. Feb. 22, 2021); *Modica v. Alford*, No. 1:10-CV-515, 2011 WL 1883822, at *5 (E.D. Tex. Mar. 25, 2011), *report and recommendation adopted*, 2011 WL 1878233 (E.D. Tex. May 17, 2011). Plaintiff's argument is especially flawed given that Carrington served interrogatories, which he neglected to answer. Plaintiff should not be allowed to assert vague causes of action in his Petition, refuse to respond to Carrington's request to clarify his claims, then ask the Court to infer causes of action that were not clearly plead.

Even had Plaintiff properly pled his contract claim, such claim a claim is contradicted by his own Petition. Plaintiff states "In 2010, BONY mistakenly claimed that Hadley hadn't submitted a payment in 4 years which was completely inaccurate. Because they believed him to be in default, *they sent out all the foreclosure documents: notice of default, notice of acceleration, and notice of foreclosure sale.*"[11] Plaintiff thus admits he received foreclosure notices.

Further, Carrington filed suit for judicial foreclosure in Harris County District Court, which lead to this case.[12] The filing of an expedited foreclosure action constituted acceleration of the Loan as a matter of law. *Clark v. Wells Fargo Bank, NA*, No. 3:18-CV-1147-G-BN, 2020 WL 1216720, at *5 (N.D. Tex. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 1183291 (N.D. Tex. Mar. 12, 2020). Plaintiff filed an answer in the underlying expedited foreclosure action, therefore he unequivocally received notice. No matter how Plaintiff attempts to interpret his contract claim, it fails as a matter of law and should be dismissed.

For these reasons, Defendant Carrington Mortgage Services, LLC respectfully requests the Court GRANT its Motion for Summary Judgment (Doc. 9), DISMISS WITH PREJUDICE the

---

[11] Petition at ¶ 12 (emphasis added).
[12] Case No. 2022-5480, in the 281st District Court of Harris County Texas.

claims asserted by Plaintiff Conrell Hadley, and for such other and further relief to which it may be justly entitled.

               Respectfully submitted,

By: */s/ Melissa Gutierrez Alonso*
   **JON H. PATTERSON**
   Texas Bar No. 24077588
   jpatterson@bradley.com
   Bradley Arant Boult Cummings LLP
   1819 Fifth Avenue North
   Birmingham, Alabama 35203-2104
   Telephone: (205) 521-8403
   Fax: (205) 488-6403

   **MELISSA GUTIERREZ ALONSO**
   Texas Bar No. 24087648
   Fed. I.D. No. 2255351
   mgutierrez@bradley.com
   600 Travis Street, Suite 5600
   Houston, Texas 77002
   (713) 576-0300 Telephone
   (713) 576-0301 Telecopier
   ***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

      I certify that on this 9th day of April, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail:* erick.delarue@delaruelaw.com
Erick Delarue
Law Office of Erick DeLaRue, PLLC
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
***Attorney for Plaintiff***

                                        */s/ Melissa Gutierrez Alonso*
                                        Melissa Gutierrez Alonso