Case 4:23-cv-01224   Document 14   Filed on 10/10/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONRELL HADLEY, § | |
| § | |
| *Plaintiff,* § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1224 |
| § | |
| CARRINGTON MORTGAGE SERVICES, § | |
| LLC, § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Defendant Carrington Mortgage Services, LLC's ("Defendant" or "Carrington") Motion for Summary Judgment. (Doc. No. 9). Plaintiff Conrell Hadley filed a response in opposition. (Doc. No. 12). Defendant replied. (Doc. No. 13). After considering the applicable law, motion, response, and reply, the Court hereby DENIES, without prejudice to refile, Defendant's Motion. (Doc. No. 9).

### I.   Background

This is a dispute involving real property and the improvements thereon located at 6908 Fox Mesa Lane, Humble, TX 77338 (the "Property"). (Doc. No. 1-1 at 12). Plaintiff purchased the Property in 1989. (Doc. No. 1-1 at 12). Plaintiff paid off the mortgage on the Property in 1998. (Doc. No. 1-1 at 12). Subsequently, Plaintiff obtained a home equity loan, secured by the Property, for $72,000. (Doc. No. 1-1 at 12). To obtain the home equity loan, Plaintiff executed a Note as well as a Deed of Trust with America's Wholesaler Lender. (Doc. No. 1-1 at 12; Doc. No. 9 at 2). America's Wholesaler lender then assigned the loan to the Bank of New York Mellon, who subsequently assigned the loan to Carrington Mortgage Services. (Doc. No. 9 at 2); *see Hadley v. Bank of New York Mellon*, No. CV H-20-2553, 2021 WL 1131221, at *2 (S.D. Tex.

1

Mar. 24, 2021), *aff'd sub nom., Conrell Hadley, Plaintiff-Appellant, v. The Bank of New York Mellon, as Trustee; Carrington Mortgage Services, L.L.C., Defendants-Appellees.*, No. 21-20225, 2021 WL 5513979 (5th Cir. Nov. 24, 2021).

In June of 2020, Hadley sued the Bank of New York Mellon and Carrington in state court for: (1) declaratory judgment that the statute of limitations to foreclose had expired and the 2004 deed of trust is void, and (2) quiet title. The case was removed to the Southern District of Texas. *Id.* at *1. The District Court granted the Bank and Carrington's motion for summary judgment, finding that Hadley's claims were barred by *res judicata* and that the prior notices of acceleration were all properly abandoned, such that the statute of limitations to foreclose had not expired. *Id.* at *2. The Fifth Circuit affirmed this judgment.

In 2022, Defendant filed suit for judicial foreclosure of the Property in Harris County District Court (Cause No. 2022-5480, in the 281st District Court of Harris County, Texas). (Doc. No. 13 at 4). Hadley then filed a separate suit seeking to enjoin the foreclosure and claims against Carrington (Cause No. 2022-83431, in the 152nd Judicial District of Harris County, Texas). (Doc. No. 1-1 at 22; *see* Doc. No. 13 at 4). In his petition, Plaintiff alleged four causes of action, including: (1) quiet title; (2) breach of contract; (3) violations of the Texas Debt Collection Act; and (4) violations of Texas Property Code § 5.065. *See* (Doc. No. 1-1). After the state court granted a TRO, Defendant removed the case Hadley filed. (Doc. No. 1-1 at 3).

Defendant now moves for summary judgment, contending that: (1) Plaintiff's claims are barred by *res judicata*; (2) Plaintiff lacks standing to assert a claim for improper assignment of the loan; and (3) Plaintiff's breach of contract, Texas Debt Collection Act, and Texas Property Code § 5.065 claims all fail as a matter of law.

## II.   Analysis

Defendant removed this case from Texas state court before it filed an answer. Federal Rule of Civil Procedure 81(c)(2) specifically provides the timeline for filing an answer or similar document asserting its defenses if it did not already do so in state court prior to removal. It states that an answer or its equivalent must be filed within either 21 days of the party's receiving a copy of a pleading by any method, 21 days of the party's being served, or 7 days after the notice of removal was filed, whichever is latest. Fed. R. Civ. P. 81(c)(2)(A)-(C).

In an apparent oversight, Defendant not only did not file an answer in the state court, it has also not filed one in this Court after it removed the case. Plaintiff has not made a motion for entry of default. Defendant filed its motion for summary judgment in March of 2024—almost a year after it removed the case. Neither Defendant, in its motion for summary judgment, nor Plaintiff, in his response, brought to the Court's attention the fact that Defendant has never filed an answer. The Court, however, is quite reluctant to consider granting a motion for summary judgment, especially one based in part on an affirmative defense, when the Defendant has not even filed an answer.

Earlier in this proceeding, the Court granted Plaintiff's motion for leave to file a response to Defendant's motion for summary judgment. (Doc. No. 11). While the Court is unsure how the absence of such a fundamental filing was apparently missed by both parties, the Court now grants Defendant leave to file an answer. After filing its answer, Defendant may refile its motion for summary judgment. No further extensions will be given on the issue at hand. Accordingly, the Court hereby sets aside the scheduling order entered on July 5, 2023 and enters the following Scheduling Order:

1. Defendant shall file an answer by **October 23, 2024.**

2. If Defendant so chooses to refile its motion for summary judgment, it shall do so by no later than **October 30, 2024.**

3. If Defendant files a motion for summary judgment, Plaintiff shall respond, if he so chooses, within twenty-one days of Defendant's filing of said motion.

4. If Plaintiff responds, Defendant may file a reply, if it so chooses, within seven days of Plaintiff's filing of his response.

If Defendant files a motion for summary judgment, the Court suggests both the motion and response include a more detailed history of the home equity loan, including all previous assignments, and all prior litigation regarding the loan. The Court will enter a scheduling order taking the case through trial, if it is needed, after it considers the summary judgment motion.

### III.   Conclusion

For the reasons above, the Court hereby **DENIES**, without prejudice, Carrington's Motion for Summary Judgment. (Doc. No. 9).

SIGNED at this 10th day of October, 2024.

Andrew S. Hanen
United States District Judge