United States District Court
Southern District of Texas
**ENTERED**
October 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONRELL HADLEY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1224 |
| § | |
| CARRINGTON MORTGAGE SERVICES, § | |
| LLC, § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Defendant Carrington Mortgage Services, LLC's ("Defendant" or "Carrington") Motion for Leave to Supplement Notice of Removal and Motion to Set Aside Clerk's Default. (Doc. Nos. 16, 17). After considering the motion and the applicable law, the Court hereby GRANTS Defendant's Motions. (*Id.*).

In 2022, Defendant filed suit for judicial foreclosure of the Plaintiff's property in Harris County District Court (Cause No. 2022-5480, in the 281st Judicial District Court of Harris County, Texas). (Doc. No. 13 at 4). Plaintiff then filed a separate suit seeking to enjoin the foreclosure and bringing additional claims against Carrington (Cause No. 2022-83431, in the 152nd Judicial District of Harris County, Texas). (Doc. No. 1-1 at 22; *see* Doc. No. 13 at 4). Defendant removed this latter case Plaintiff filed. (Doc. No. 1-1 at 3).

Defendant filed a motion for summary judgment on March 8, 2024. (Doc. No. 13). When considering the motion, the Court observed that Defendant had not filed an answer in this Court, nor included any answer in its removal documents. Since both parties had been treating the case as if Defendant had answered, the Court ordered Defendant to file its answer by October 23, 2024 and denied its motion for summary judgment without prejudice to refile. (Doc. No. 14). Still,

1

Carrington did not file an answer by the Court's significantly extended deadline. On October 24, the Clerk of the Court made an entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55. (Doc. No. 15). The next day, Carrington filed both motions at issue: its Motion for Leave to Supplement Notice of Removal and Motion to Set Aside Clerk's Default. (Doc. Nos. 16, 17).

Carrington cites inadvertence as the reason the Court did not have its answer when considering its motion for summary judgment, stating that the answer was filed in state court after the documents were gathered for removal. (Doc. No. 16). Under 28 U.S.C. § 1446(a), a removing defendant should include copies of all pleadings in its notice of removal to federal court. Nevertheless, failure to satisfy this requirement can be waived at the discretion of the Court. *See Covington v. Indem. Ins. Co.*, 251 F.2d 930, 933 (5th Cir. 1958). While the Court believes that it has given more than enough grace to Defendant, the law in this Circuit favors amendment to avoid dismissal of suits on technical grounds. *Roubinek v. Recontrust Co., N.A.*, No. 4:11CV416, 2011 WL 13323904, at *1 (E.D. Tex. Sept. 19, 2011), *report and recommendation adopted*, No. 4:11CV416, 2012 WL 1108402 (E.D. Tex. Mar. 30, 2012). Moreover, Plaintiff is unopposed to Carrington supplementing its Notice of Removal. (Doc. No. 16). Thus, the Court will allow Carrington to supplement the record with its answer.

The Court does not look fondly upon Defendant missing a deadline imposed by the Court. Still, the Court finds these circumstances to be unique, and while the Court remarked that it would not grant any further extensions, it agrees to set aside the Clerk's entry of default—especially since Defendant provided evidence that its Answer was filed in state court four days before it removed the case. (Doc. No. 17-1). Thus, because the Court is allowing Carrington to supplement the record

2

with its answer, it is only logical that entry of default should be set aside when said entry was based on Defendant not filing an answer.

For the reasons above, the Court hereby **GRANTS** Carrington's Motion for Leave to Supplement Notice of Removal. (Doc. No. 16). The Court also **GRANTS** Carrington's Motion to Set Aside Clerk's Default. (Doc. No. 17). It is therefore **ORDERED** that the Clerk's Entry of Default entered on October 24, 2024 is hereby set aside. (Doc. No. 15).

The Court hereby sets aside the scheduling order from the October 24, 2024 Order and enters the following Scheduling Order:

1. If Defendant so chooses to refile its motion for summary judgment, it shall do so by no later than **November 25, 2024.**
2. If Defendant files a motion for summary judgment, Plaintiff shall respond, if he so chooses, within twenty-one days of Defendant's filing of said motion.
3. If Plaintiff responds, Defendant may file a reply, if it so chooses, within seven days of Plaintiff's filing of his response.

SIGNED at this 29th day of October, 2024.

Andrew S. Hanen
United States District Judge