United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONRELL HADLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01224 |
| | § | |
| CARRINGTON MORTGAGE SERVICES, LLC, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

Pending before this Court is Defendant Carrington Mortgage Services, LLC's ("Carrington") Amended Motion for Summary Judgment (Doc. No. 32). Plaintiff Conrell Hadley ("Plaintiff") did not respond. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motion for Summary Judgment. After close consideration of the pleadings, relevant legal standards, and admissible summary judgment evidence, the Court **GRANTS** Carrington's Motion for Summary Judgment (Doc. No. 32) and dismisses this case with prejudice.

## I. Factual Background

This dispute involving the real property located at 6908 Fox Mesa Lane, Humble, Texas 77338 (the "Property"). Plaintiff purchased the Property in 1989. (Doc. No. 32-2). On October 20, 2004, Plaintiff executed a Texas Home Equity Adjustable Rate Note in the amount of $72,000.00. (Doc. No. 32-1 at 5). To secure repayment on the Note, Plaintiff executed a Texas Home Equity Security Instrument (First Lien), which encumbered the Property. (*Id.* at 10). Collectively, the Court refers to the Adjustable Rate Note and the Security Instrument as the "Loan." While the

original lender of the Loan was America's Wholesale Lender, *see* (*id.* at 5), the Loan was later transferred to The Bank of New York Mellon. (*Id.* at 32) ("Assignment of Mortgage"). The servicing of the Loan was transferred to Carrington, the Defendant in this case, in 2017. (*Id.* at 35).

Long before Carrington took over the servicing of the Loan, however, Plaintiff was in default and involved in other litigation related to the default. On July 15, 2010, the previous loan servicer, BAC Home Loans Servicing, L.P., accelerated the indebtedness on the Loan. *See (id.* at 46) ("Notice of Acceleration"). BAC Home Loans Servicing, L.P. filed an action for expedited foreclosure in Harris County, *see* 2010-75618, *BAC Home Loans Servicing LP v. Conrell Hadley*, in the 215th Judicial District Court of Harris County Texas, but Plaintiff immediately filed for Chapter 13 bankruptcy. *See* No. 10-41165, *In re: Contrell Hadly* (Bankr. S.D. Tex.). After the Bankruptcy Court dismissed the case and after BAC Home Loans Servicing, L.P. merged with Bank of America, N.A. ("Bank of America"), Bank of America re-accelerated the indebtedness on the Loan on December 11, 2012. (*Id.* at 49). Nevertheless, on December 9, 2016, a third servicer, Ditech Financial LLC, rescinded the acceleration but continued to send requests for payments on the Loan. (*Id.* at 52, 55). The servicing of the Loan was later transferred to Carrington in 2017. (*Id.* at 35).

After the initiation of foreclosure proceedings in 2016, *see* No. 2016-40399, *In re: Order of Foreclosure Concerning 6908 Fox Mesa Lane, Humble, Texas* 77338, in the 11th Judicial District of Harris County, Texas, Plaintiff filed for Chapter 7 bankruptcy. *See* No. 17-36590 (Bankr. S.D. Tex.). The Bankruptcy Court discharged Plaintiff on July 5, 2018. *See id.* at (Doc. No. 29). When the Lender initiated foreclosure proceedings again in 2020, Plaintiff filed a lawsuit against the Lender and Carrington. *See* No. 4:20-cv-02553, *Hadley v. The Bank of New York Mellon* (S.D. Tex.). The court granted summary judgment in favor of Carrington, finding that the lawsuit was

"nothing more than another baseless attack in [Plaintiff's] malicious onslaught to stop the foreclosure of the property when *he* has not properly paid *his* loan." *See* (Doc. No. 32-4). The Fifth Circuit affirmed this judgment on appeal. *See* No. 4:20-cv-02553 at (Doc. Nos. 25, 26).

On December 28, 2022, Plaintiff filed this lawsuit against Carrington in the 152nd District Court of Harris County, Texas. (Doc. No. 1-1). On March 31, 2023, Carrington timely removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1). On February 17, 2025, Plaintiff filed a Notice of Filing Bankruptcy, (Doc. No. 24), and the Court accordingly initiated the automatic stay in this matter. (Doc. No. 25). After the bankruptcy was dismissed, this Court lifted the stay. (Doc. No. 27). Carrington then filed its Amended Motion for Summary Judgment (Doc. No. 32), and Plaintiff has not filed a response. The Court considers the Motion below.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

Plaintiff alleges that Carrington is liable for (1) breach of contract, (2) violations of the Texas Debt Collection Act, and (3) a violation of the Texas Property Code. (Doc. No. 1-1). Plaintiff also requests a declaratory judgment that Carrington has no right to foreclose on the Property. (*Id.*). Carrington requests this Court to grant summary judgment on each of the causes of action. The Court considers each cause of action below and dismisses this case with prejudice.

### A. Breach of Contract

Without alleging any specific facts, Plaintiff alleges that Carrington breached "a valid, enforceable contract between [Plaintiff] and Carrington." (Doc. No. 1-1 at 16). Though Plaintiff does allege the essential elements of the breach of contract claim, Plaintiff does not allege (1) what the contract is, (2) how Plaintiff performed the contract, (3) how Carrington breached the contract, or (4) how the alleged breach injured Plaintiff. *See* (*id.*). On this basis alone, the Court finds Plaintiff has failed to state a claim for breach of contract against Carrington. *See Villareal v. Chamberlain Coll. Of Nursing & Health Sciences, Inc.*, No. 4:19-cv-0300, 2019 WL 4736488, at *3 (S.D. Tex. Sep. 27, 2019) ("To assert a claim for breach of contract a plaintiff must identify the specific provision of the contract that the defendant allegedly breached."); *Booth v. U.S. Bank, N.A.*, No. 3:23-cv-02184, 2024 WL 4546667, at *6 (N.D. Tex. Oct. 1, 2024) (finding that the

plaintiff's "failure to identify any specific contract or provision of a contract that was allegedly breached is fatal to his claim"), *adopted by* 2024 WL 4544118 (N.D. Tex. Oct. 22, 2024).

Even assuming, *arguendo*, that Plaintiff has stated a claim for breach of contract based on the Loan, the Court finds that there is no genuine dispute of material fact that Carrington breached the Loan. Under Texas law, "[i]t is a well established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'" *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990); *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 Fed. App'x 367, 369 (5th Cir. 2013) ("[A] party in default cannot assert a claim for breach against the other party.") (relying on *Dobbins*, 785 S.W.2d at 378). In this case, Carrington presented evidence to this Court that Plaintiff has been in default on the Loan for over a decade. *See* (Doc. No. 32-1 at 3) (Declaration of Elizabeth Ostermann) ("Plaintiff defaulted on the Loan by failing to make monthly mortgage payments beginning on November 1, 2008. To date, Plaintiff owes $266,903.99 to reinstate the Loan and $311,843.51 to pay off the Loan in full."); (*id.* at 46) ("Notice of Acceleration"). The Court finds that Carrington satisfied its burden to demonstrate that there is no genuine dispute of material fact that Plaintiff is in default and cannot maintain this breach of contract claim, and therefore, the burden shifted to Plaintiff to provide facts showing that there is a genuine dispute of material fact on this issue. *See Celotex*, 477 U.S. at 321–25. Plaintiff failed to do so. Accordingly, the Court dismisses the breach of contract claim with prejudice.

**B. Violations of the Texas Debt Collection Act**

Plaintiff also alleges that Carrington violated certain provisions of the Texas Debt Collection Act ("TDCA") by "[u]sing a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt" in violation of § 392.304(a)(8), "[m]isrepresenting the status or nature of the services rendered by the debt

collector" in violation of § 392.304(a)(14), and "[u]sing other false representation or deceptive means to collect a debt" in violation of § 392.304(a)(19). (Doc. No. 1-1 at 17–18). Plaintiff generally alleges that Carrington failed to provide proper notice of the foreclosure sale and "sought to foreclose under circumstances" prohibited by state law. (*Id.*).

First, the Court finds that there is no genuine dispute of material fact that Carrington did not violate § 392.304(a)(8). Section 392.304(a)(8) states that "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . misrepresenting the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8). To succeed on this claim, Plaintiff must show that Carrington led Plaintiff to be unaware (1) that he had a mortgage debt, (2) of the specific amount owed on the Loan, or (3) that he had defaulted on the Loan. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). In other words, Plaintiff must show that Carrington caused him to "think differently with respect to the character, extent, amount or status of [his] debt." *Id.* Carrington provided evidence that several communications related to the default were sent to Plaintiff. *See, e.g.*, (Doc. No. 32-1 at 46, 49, 52, 55). Plaintiff failed to present any evidence that Carrington misrepresented the character of the loan or caused Plaintiff to "think differently" about the status of the Loan. *Celotex*, 477 U.S. at 321–25. Accordingly, the Court finds that there is no genuine dispute of material fact on this issue.

Second, the Court finds that there is no genuine dispute of material fact that Carrington did not violate § 392.304(a)(14). Section § 392.304(a)(14) states that "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business." Tex. Fin. Code § 392.304(a)(14). Plaintiff does not provide any specific factual allegations as to how Carrington misrepresented its services as a debt collector or the debt collector's business. *See* (Doc.

No. 1-1). Nevertheless, Carrington provided evidence that it sent Plaintiff a "Notice of Servicing Transfer" that explained its status as a debt collector. (Doc. No. 32-1 at 35). The Notice explained that Carrington "will be collecting your mortgage loan payments from you" and explained that "[a]s of the date of this Notice, the amount of debt you owe is $201,823.66." (*Id.*). The Notice provided detailed information about the services rendered by Carrington and clearly set out that Carrington would be collecting on the Loan. (*Id.*). The Court finds that Carrington satisfied its burden to demonstrate that there is no genuine dispute of material fact that it did not violate § 392.304(a)(14), and therefore, the burden shifted to Plaintiff to provide facts showing that there is a genuine dispute. *See Celotex*, 477 U.S. at 321–25. Plaintiff failed to do so. Accordingly, the Court finds that there is no genuine dispute of material fact on this issue.

Lastly, the Court finds that there is no genuine dispute of material fact that Carrington did not violate § 392.304(a)(19). Section 392.304(a)(19) states that "a debt collector may not use a fraudulent, deceptive, or misleading representation that employs . . . using any other false representing or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). This is generally "a catch-all, or residual, provision for proceeding under the TDCA." *Miller*, 726 F.3d at 724. As discussed above, Carrington has presented sufficient summary judgment evidence to demonstrate that it did not misrepresent or otherwise use deceptive means to collect on the Loan. Therefore, under the well-established summary judgment framework, the burden shifted to Plaintiff to provide facts to show that there is a genuine dispute of material fact on this issue. Plaintiff failed to present any response or competing evidence. Accordingly, the Court finds that there is no genuine dispute of material fact on this issue.

Finding no genuine dispute of material fact that Carrington did not violate the TDCA, the Court grants the Motion for Summary Judgment as to this cause of action and dismisses it with prejudice.

**C. Violation of the Texas Property Code**

Plaintiff alleges that Carrington violated Texas Property Code § 5.065 "because Carrington never sent proper and timely notice of default, the opportunity to cure the default, and notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Carrington to foreclose on their lien rights to the Property." (Doc. No. 1-1 at 20). Section 5.065 of the Texas Property Code, which does contain certain notice requirements for conducting foreclosures, only applies to executory contracts. *See* Tex. Prop. Code § 5.065 ("Notwithstanding an agreement to the contrary, a purchaser in default under ***an executory contract*** for the conveyance of real property may avoid the enforcement of a remedy described by Section 5.064 by complying with the terms of the contract on or before the 30th day after the date notice is given under that section." (emphasis added)). Under Texas law, an executory contract, or "contracts for deed," "allows the seller to retain title to the property until the purchaser has paid for the property in full." *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005). "A contract for deed differs from a conventional contract for the sale of realty, in which the seller and purchaser mutually agree to complete payment and title transfer on a date certain at which time the purchaser generally obtains both title and possession." *Ferrara v. Nutt*, 555 S.W.3d 227, 236 (Tex. App.—Houston [1st Dist.] June 21, 2018).

This case, however, does not involve an executory contract or a "contract for deed." The Loan in this case is a Texas Home Equity Adjustable Rate Note, or a secured extension of credit legally tied to the Property. *See* (Doc. No. 32-1). Therefore, Chapter 5 of the Texas Property Code

does not apply to this case. Accordingly, the Court finds that there is no genuine dispute of material fact on this issue. The Court dismisses this cause of action with prejudice.

**D. Declaratory Judgment**

Lastly, Plaintiff requests this Court to issue several declaratory judgments related to the Loan and the Property. (Doc. No. 1-1). Nevertheless, "[w]here all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). Given that this Court has dismissed each of the substantive causes of action in this matter, the declaratory judgment claim fails, as well.

## IV. Conclusion

For the reasons set out above, this Court **GRANTS** Carrington's Amended Motion for Summary Judgment (Doc. No. 32). The Court dismisses this civil action with prejudice and will enter a separate judgment compliant with Federal Rule of Civil Procedure 58(a).

Signed on this the 14th day of August 2026.

Andrew S. Hanen
United States District Judge